UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

IRAN OLIVER NEAL                                                                                 PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:09CV-P766-S

VICKI DORCH *et al.*                                                    DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Iran Oliver Neal, a pretrial detainee at the Louisville Metro Department of Corrections, filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

**I.**

As Defendants Plaintiff names Vicki Dorch, John Boel, and Ann Bowden, reporters for WLKY-TV 32 News; David Scott and Elizabeth Woosley, reporters for WDRB-TV Fox 41 News; Janelle McDonald, reporter for WAVE-TV 3 News; Jessie Halladay, reporter for the Courier-Journal and its Executive and Managing Editors; the parent companies of the television news stations and newspaper; Louisville Metro Police Department (LMPD) Sgt. Andy Abbott; LMPD Lead Detective Mona Sullivan; Major Joe Richardson, Commander of the LMPD Sex Crimes Unit; and Louisville Metro Government Mayor Jerry Abramson. Plaintiff fails to identify in which capacity he sues Defendants Bowden and Scott but sues all other Defendants in their individual and official capacities.

In the complaint, Plaintiff claims that on September 8, 2008, the television news reporters:

> [B]roadcast his picture with a story falsely accusing him of burglary, sodomy and rapes dating back to 2002. Falsely broadcasting/reporting that petitioner's DNA was found at each scene of four rapes dating back to 2002. Speaking definitively by listing the years, showing a map of the locations and petitioner being the perpetrator of said crimes. Portraying petitioner as a violent serial rapist. To which the listed defendants . . . had no proof of. Then encouraging anyone that has been victimised by petitioner to come forward and call the LMPD Tip Line 574-LMPD. The reporters stating such claims were received from Defendant Sgt. Andy Abbott [], of the . . . Sex Crimes Unit and the Media and Public Relations Office.

After the publication, Plaintiff attempted to get the media Defendants to tell the public that they did not have proof of Sgt. Abbott's claims but was unsuccessful. Plaintiff claims that the reporters "maliciously, willfully and negligently irreparably condemn[ed] petitioner's character and reputation, slandering petitioner, . . . without first investigating or otherwise confirming that such accusations are true and accurate" in violation of the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution and "rights under the Kentucky Constitution."

Plaintiff further claims that on September 9, 2008, Courier-Journal reporter Jessie Halladay falsely reported, based on information obtained by Sgt. Abbott, that Plaintiff's DNA was found at each scene of four rapes dating back to 2002.

Additionally, Plaintiff alleges that Sgt. Abbott, Lead Detective Sullivan, and Major Richardson all knew that there was no evidence to support the claims of Plaintiff's DNA being found at the four rape scenes. "Still they allowed, coordinated, conducted, caused and participated in publicly reporting/broadcasting these knowingly false allegations. . . . [c]ausing pain, severe stress, emotional suffering, mental anguish to petitioner, his family, friends and loved ones." He claims that these police officers violated LMPD Standard Operating

Procedures; the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution; and "rights under the Kentucky Constitution."

As relief, Plaintiff seeks monetary and punitive damages and an injunction compelling Defendants "to work together to disclose to the public and turn over to petitioner that no such DNA links him to 2001."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual

3

allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

*A.*   *42 U.S.C. § 1983*

*1. Media Defendants*

"Section 1983 is not itself a source of substantive rights." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to recover under § 1983, a plaintiff must show the deprivation of a federal right through conduct which is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). That is, "the party charged with the deprivation must be a person who . . . . is a state official, [or who] has acted together with or has obtained significant aid from state officials, or [whose] conduct is otherwise chargeable to the State." *Id.* The television new stations and the newspaper and their officers and employees are not state actors. *See, e.g., Davis v. Janczewski*, 22 F. App'x 533, 534 (6th Cir. 2001) ("[D]efendant Janczewski cannot be said to have been acting under color of state law in reporting for a local newspaper."); *Hall v. Witteman*, No. 07-4128-SAC, 2008 WL 4490620, at *4 (D. Kan. Oct. 1, 2008) ("Generally, a newspaper is a private enterprise, not a state actor and cannot be held liable under § 1983 for publishing the

4

news. This remains true even when the newspaper publishes information received from police or other state officials.") (internal citations omitted). Thus, Plaintiff cannot maintain a § 1983 claim against the media Defendants.

### 2. *Official-capacity claims against municipal Defendants*

The official-capacity claims against Defendants Abbott, Sullivan, Richardson, and Abramson are actually claims against the Louisville Metro Government. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). Rather, there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation for liability to attach. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the

constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

As nothing in the complaint demonstrates that Defendants actions occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government, the complaint fails to establish a basis of liability against the municipality and the official-capacity claims must be dismissed.

### 3. *Individual-capacity claims*

#### a. *Mayor Abramson*

The complaint contains no allegations against Defendant Abramson. Some factual basis for a plaintiff's claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Defendant Abramson.

Defendant Abramson's position as mayor does not automatically make him liable for the actions of his subordinates. "Respondeat superior[1] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

6

violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior," *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), and, as already noted above, Plaintiff's complaint contains no allegations of any active unconstitutional behavior by Defendant Abramson.

The individual-capacity claims against him must, therefore, be dismissed for failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by defendant is essential element in § 1983 cause of action asserting constitutional deprivation).

### b. *Defendants Abbott, Sullivan, and Richardson*

Plaintiff claims that these Defendants reported allegedly false information to the media in violation of the Fifth, Eighth, and Fourteenth Amendments.

The Eighth Amendment prohibits cruel and unusual punishment and applies only to convicted prisoners. Because Plaintiff is a detainee awaiting trial, he fails to state a cognizable Eighth Amendment claim.

Further, "injury to reputation by itself [is] not a 'liberty' interest . . . ." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (quoting *Paul v. Davis*, 424 U.S. 693, 708-09 (1976)). "The Supreme Court has stressed that 42 U.S.C. § 1983 is not an avenue for redress of any and all possible tort claims against the government, and that there exists 'no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.'" *Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993) (quoting *Paul v. Davis*, 424 U.S. at 702). "Rather, the Court has limited the scope of an actionable liberty interest deprivation to situations involving termination of

7

government employment or the loss of a legal right or status previously enjoyed under state or federal law." *Id.* (citing *Paul v. Davis*, 424 U.S. at 710-11); *Cutshall v. Sundquist*, 193 F.3d 466, 479 (6thCir. 1999) ("Cutshall has not cited, and we have not found, any case recognizing a general right to private employment."). In the present context of the complaint, Plaintiff has alleged only the reporting of false and slanderous information to the media resulting "pain, severe stress, emotional suffering, mental anguish to petitioner, his family, friends and loved ones."[2]

Because "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation," *Siegert*, 500 U.S. at 233, Plaintiff has failed to state a federal constitutional claim upon which relief may be granted against Defendants Abbott, Sullivan, and Richardson.

**B.**     ***State-law claims***

Plaintiff broadly alleges a violation of his rights under the Kentucky Constitution and further asserts defamation claims. Under 28 U.S.C. § 1367, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Consequently, the state-law claims will be dismissed without prejudice.

---

[2]Plaintiff reports that he is a pretrial detainee awaiting trial. To the extent he may be alleging that he will not be given a fair trial due to these statements, the Court must abstain under the *Younger* abstention doctrine in light of an ongoing state-court criminal trial. *See Younger v. Harris*, 401 U.S. 37 (1971). This is a claim that can be redressed during his criminal trial and on direct appeal.

8

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
  Defendants
  Jefferson County Attorney
4411.005